IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAUL JOHNSON,** | 3:14-CV-00922-BR |
|         **Plaintiff,** | OPINION AND ORDER |
| **v.** | |
| **POWERLINERS, INC.,** | |
|         **Defendant.** | |

**ROGER A. HENNAGIN**
8 North State Street
Suite 300
Lake Oswego, OR 97034
(503) 636-0400

        Attorney for Plaintiff

**AMY L. ANGEL**
**TODD A. LYON**
**TYLER J. VOLM**
Barran Liebman, LLP
601 S.W. Second Ave
Portland, OR 97204
(503) 274-1212

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Paul Johnson's Motion (#5) to Remand. The Court heard oral argument on September 30, 2014, and took the matter under advisement.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and from the parties' statements at oral argument:

Plaintiff began working as foreman[1] for Defendant Powerliners, Inc., in October 2009. Defendant required Plaintiff to use his own truck to perform his duties. Between his hiring in October 2009 and June 2012 Plaintiff used his own pickup truck to fulfill his duties.

In June 2012 Plaintiff's wife broke a bone in her arm, which required a cast. Plaintiff's wife drove her manual-transmission vehicle to work daily before she broke her arm, but she was unable to drive a manual-transmission vehicle afterwards. As a result, Plaintiff loaned his wife his pickup truck with an automatic transmission.

---

[1] Plaintiff describes the position as "crew foreman" while Defendant describes it as both "crew foreman" and "Tree Trimmer Foreman." Because it is the only foreman position at issue, the Court describes the position simply as "foreman."

2 - OPINION AND ORDER

Around that time Plaintiff approached Eric Olson, Defendant's president, to request permission to use a company vehicle until his wife recovered from her injury. Olson permitted Plaintiff to use a company vehicle temporarily.[2]

On or about November 6, 2012, Olson discharged Plaintiff because of, among other reasons, Plaintiff's extended use of the company vehicle.

On April 15, 2014, Plaintiff filed a lawsuit in Multnomah County Circuit Court alleging "Olson's discharge of Johnson constituted a breach of Powerliner's commitment that Johnson could use the company pickup until his wife's arm had healed."

On June 9, 2014, Defendant filed a Notice (#1) of Removal on the grounds that the lawsuit

> necessarily requires interpretation of a collective bargaining agreement between the parties, and thus is governed exclusively by the Labor Management Relations Act, 29 U.S.C. § 185, for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 (federal question) and which provides this court with federal question jurisdiction pursuant to the provisions of 28 U.S.C. § 1441.[3]

Def.'s Notice of Removal at 2.

On June 27, 2014, Plaintiff filed a Motion (#5) to Remand

---

[2] Although the parties dispute how long Olson agreed to allow Plaintiff to use the vehicle, that issue is irrelevant for purposes of resolving this Motion.

[3] The Collective Bargaining Agreement (CBA) is attached as an Exhibit to the Declaration (#9) of Eric Olson.

3 - OPINION AND ORDER

the matter on the ground that Plaintiff's claim involves residents of the same state; is based on the common law of the State of Oregon; does not involve or relate to the CBA between International Brotherhood of Electrical Workers (IBEW), Local 125, and Defendant; and, therefore, is not preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

On September 30, 2014, the Court heard oral argument and took Plaintiff's Motion under advisement.

## **STANDARDS**

A motion to remand is the proper procedure for challenging removal.  *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).  28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.

4 - OPINION AND ORDER

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements have been met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## DISCUSSION

As noted, Plaintiff moves to remand this matter on the grounds that his claim falls outside of the scope of the CBA between Defendant and Local 125, and, therefore, is not preempted by § 301 of the LMRA; is based on the common law of the State of Oregon; and involves residents of the same state.

**I.  Preemption under § 301 of the LMRA**

Section 301 of the LMRA provides:

> [Lawsuits] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 as authorizing the federal courts to develop a federal common law

5 - OPINION AND ORDER

for the interpretation of CBAs.  *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001)(citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)).  The federal common law preempts the use of state-contract law in the interpretation and enforcement of CBAs.  *Id*. (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)).  In 1985 the Supreme Court "expanded application of § 301 preemption beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'"  *Id*. (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

In *Caterpillar, Inc. v. Williams* the Supreme Court noted the "pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  482 U.S. 386, 394 (1987)(internal quotation marks omitted)(citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).  The Court, however, pointed out that § 301 preempts only "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement."  *Id*. (internal quotation marks omitted).  The Supreme Court noted in *Livadas v. Bradshaw* that "it is the legal character of a claim, as independent of

6 - OPINION AND ORDER

rights under the collective-bargaining agreement . . . that decides whether a state cause of action [is preempted]." 512 U.S. 107, 123-24 (1994)(internal citations and quotation marks omitted).

The Ninth Circuit has explained further that

> [i]f the plaintiff's claim cannot be resolved without interpreting the applicable CBA[,] . . . it is preempted. Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA . . . it is not preempted. The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.

*Cramer*, 255 F.3d at 691 (citations omitted). Moreover, the claim is preempted

> even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it. Otherwise, parties would be able to evade the requirements of section 301 by relabeling their contract claims as claims for tortious breach of contract or some other state cause of action, and thus elevate form over substance.

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)(citations and internal quotation marks omitted).

**II. The CBA**

The CBA between Local 125 and Defendant provides: "The employer shall . . . have no restrictions except those

7 - OPINION AND ORDER

specifically provided for in the Collective Bargaining Agreement, . . . in discharging employees for proper cause." CBA at 8. The unauthorized use of company equipment is grounds for termination under the CBA. CBA at 7. In addition, the CBA defines a grievance as "a claim by an employee or by Powerliners, Inc. of a violation of a specific provision of this Agreement, or of any alleged act or type of supervisory conduct, which unjustly or unlawfully causes an employee to lose his job or any benefits arising out of his job." CBA at 8.

### III. Analysis

As noted, Plaintiff was employed as a foreman and was a member of the bargaining unit of Local 175. *See* CBA at 21 (Tree Trimmer Foreman listed among the classifications). Plaintiff, however, argues his discharge was for reasons unrelated to the "conditions of [his] employment." Specifically, Plaintiff contends his claim is based on an oral agreement with Olson that was not work-related; was not grievable under the CBA; and, thus, was independent of the CBA. Accordingly, Plaintiff argues his claim is outside of the scope of the CBA. To support his position Plaintiff asserts he attempted to file a grievance with the Union, the Union denied his grievance request on the ground that the matter was outside of the scope of the CBA, and the Union's position establishes his claim is not preempted by § 301. As a result, Plaintiff contends this case must be remanded.

According to Defendant, however, Plaintiff was a member of the bargaining unit represented by Local 125; Plaintiff's position as foreman is a recognized job classification under the CBA; Plaintiff's employment was subject to the CBA between Defendant and Local 125 including the protection that discharge required a showing of "proper cause;" Plaintiff's claim that Plaintiff's discharge was wrongful requires interpretation of the CBA; and, therefore, his claim is preempted by § 301 of the LMRA.

Because Plaintiff could only be discharged from employment for "proper cause" under the CBA, the Court concludes Plaintiff's claim is contemplated in the CBA and, therefore, appears to be "grounded in the provisions of the labor contract or require[] interpretation of it." *See Burnside*, 491 F.3d at 1059. *See also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1000 (9th Cir. 1987).

As noted, provisions of the CBA specifically refer to the position that Plaintiff filled (foreman/Tree Trimmer Foreman) and address issues such as termination for cause, unauthorized use of company equipment, and grievance procedures. These issues "inhere in the nature" of Plaintiff's claim. Moreover, Plaintiff's contention that his oral agreement with Olson "did not involve working conditions or working hours" and pertained only to commuting to and from work contradicts the allegations in Plaintiff's Complaint. For example, Plaintiff states in his

9 - OPINION AND ORDER

Complaint that his "assigned duties required that he use a truck," and Defendant "required [Plaintiff] to provide *his own vehicle for work-related* transportation." Compl. at ¶ 5 (emphasis added). Plaintiff, nevertheless, emphasized at oral argument that his agreement with Olson regarding the truck "simply provided that Plaintiff could use a company vehicle for commuting to and from work for the duration of his wife's disability . . . [, which] is not work-related." Plaintiff, however, does not explain how the use of his own truck is work-related while the use of the company truck is not. In particular, if the vehicle that Plaintiff was required to provide for work-related transportation was only to be used for Plaintiff's commute, then a truck would not have been necessary for the "work-related transportation" to which Plaintiff refers in his Complaint. Thus, the only reasonable inference from the record is that Plaintiff's use of the company truck was both work-related and contemplated under the CBA, and, as a result, the Court must interpret the CBA.

Finally, the Court notes this matter appears to be grievable under the terms of the CBA notwithstanding Plaintiff's statements about the Union's failure to act after his discharge. The CBA provides "[t]he employer shall . . . have no restrictions *except those specifically provided for in the Collective Bargaining Agreement* . . . in determining the need and number, as well as

10 - OPINION AND ORDER

the person, who will act as Foreman, . . . and in discharging employees *for proper cause*." CBA at 8 (emphasis added). Clearly the CBA restricted the employer in its selection of a foreman and in limiting discharge of employees only when "proper cause" existed.

Although Plaintiff alleges in his Motion that he "ask[ed] the union to file a grievance," and the Union denied his grievance request on the ground that the matter was outside of the scope of the CBA, it is unclear whether Plaintiff ever actually filed a grievance that the Union rejected. In his Declaration (#13) in Support of his Motion to Remand Plaintiff merely states he took his discharge slip to the Union office; handed it to Robert Clarkson, business representative for Local 125; and said "This is bullshit. I had permission to use that truck. Do something about this." Although "[d]ischarged employees who lack access to the grievance procedure under the collective bargaining agreement cannot state a claim for breach of the collective bargaining agreement, and federal courts therefore lack jurisdiction over their section 301 claims[,]" Plaintiff's allegation about his statement to the Union office and the Union's alleged failure to file a grievance under the circumstances is not sufficient to establish that Plaintiff lacked access to the grievance procedure under the CBA. *See Young*, 830 F.2d at 998 n.2 (citing *Hollins v. Kaiser Found.*

11 - OPINION AND ORDER

*Hosps.*, 727 F.2d 823, 825 (9th Cir. 1984)).  Likewise, the Court concludes these assertions are insufficient to raise a doubt about the propriety of Defendant's removal of this action.

On this record, therefore, the Court concludes Plaintiff's claim is preempted by § 301 of the LMRA and, accordingly, removal to this Court was proper.  As a result, the Court denies Plaintiff's Motion to Remand.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#5) to Remand.

The Court directs the parties to confer about case-management deadlines and to submit no later than **November 18, 2014**, a jointly proposed case-management schedule.  The Court will then convene a Rule 16 Conference to set the schedule.

IT IS SO ORDERED.

DATED this 29th day of October, 2014.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge